UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER FOMBY,

                                          Petitioner,

        -vs-

DALE ARTUS,

                                          Respondent.

**No. 6:14-CV-06403 (MAT)**
**DECISION AND ORDER**
_____

## I. Introduction

Christopher Fomby ("petitioner"), proceeding *pro se*, petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is incarcerated pursuant to a judgment entered October 4, 2010, in New York State Supreme Court, Chemung County (Buckley, J.), following a jury verdict convicting him of one count each of second-degree burglary (N.Y. Penal Law § 140.25(2)) and fourth-degree grand larceny (N.Y. Penal Law § 155.30(1)).

## II. Factual Background and Procedural History

The charges against petitioner arose from a June 3, 2009 incident in which petitioner burglarized the residential home of Patrick and Bonnie Balok in the town of Southport, New York, and stole property including cash and jewelry. The People presented evidence that around noon on that day, Patrick Balok returned home and discovered that ladders in the house's garage had been knocked over, the garage door had been opened, and jewelry, cash and a large quantity of coins were missing. The missing items had a value of over $1,000.00. Shortly thereafter, Bonnie Balok found a

McDonald's receipt in the driveway, which receipt showed a purchase made just after midnight on the morning of the break-in. After viewing a surveillance tape of the McDonald's drive-thru, police investigator Nicholas Demuth linked the purchase to the driver of a vehicle belonging to Karen Pronti, defendant's former girlfriend. Pronti identified defendant as the driver of the truck shown on the surveillance video, and testified that he had access to the keys for the vehicle. She further testified that she had driven defendant to the neighborhood where the burglary occurred on the morning of the incident, dropped him off near the entrance to the victims' driveway, and returned to pick him up an hour or two later. Finally, the People presented evidence that defendant used a CoinStar machine shortly after the burglary to cash in $135.05 in coins.

The jury convicted petitioner as charged and he was sentenced, as a persistent violent felony offender, to a term of 20 years to life imprisonment. That sentence was imposed concurrently with petitioner's conviction on another, unrelated burglary, for which he had been separately tried. See People v. Fomby, 103 A.D.3d 28 (4th Dep't 2012). Petitioner appealed his judgments of conviction in the instant case as well as in the separately tried burglary. In the separate burglary, the New York State Supreme Court, Appellate Division, Fourth Department, reversed petitioner's conviction and remitted the case for further proceedings.

In the case underlying this petition, petitioner's appellate counsel argued (1) evidence of a prior burglary conviction should have been excluded as unduly prejudicial; (2) evidence of prior bad acts tainted the verdict; (3) trial counsel was ineffective; (4) the prosecutor committed misconduct; (5) the verdict was based on legally insufficient evidence and was against the weight of the evidence; and (6) his sentence was unduly harsh and excessive. The Fourth Department rejected all of petitioner's arguments on the merits, but modified the judgment by vacating the sentence and remitting for resentencing, due to its decision to reverse petitioner's unrelated burglary conviction. See People v. Fomby, 101 A.D.3d 1355, 1357 (4th Dep't 2012), lv. denied, 21 N.Y.3d 1015 (2013). On resentencing, petitioner was sentenced to 18 years to life on the burglary count and a concurrent term of two to four years on the larceny count.

The instant petition alleges four grounds, arguing that (1) petitioner received ineffective assistance of trial counsel; (2) petitioner was deprived his right to a fair trial due to prosecutorial misconduct; (3) evidence of prior uncharged crimes and bad acts "tainted the jury verdict," doc. 1 at 8; and (4) the jury verdict was based on legally insufficient evidence.

**III. Standard of Review**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to this petition. AEDPA "revised the conditions under which federal courts may grant habeas relief to a person in

3

state custody." Kruelski v. Connecticut Super. Ct. for Judicial Dist. of Danbury, 316 F.3d 103, 106 (2d Cir. 2003) (citing 28 U.S.C. § 2254). Under AEDPA, a federal court may grant a writ of habeas corpus under 28 U.S.C. § 2254 only if the state court's adjudication of the petitioner's claim on the merits is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or involved an "unreasonable determination of the facts" in light of the evidence presented. 28 U.S.C. § 2254(d)(2).

**IV. Grounds Asserted in the Petition**

    **A.    Ineffective Assistance of Counsel**

Petitioner argues that trial counsel was ineffective for (1) failing to object to, and eliciting evidence regarding petitioner's prior bad acts; (2) failing to object to hearsay testimony elicited by the prosecutor; (3) failing to object to, and eliciting additional evidence of petitioner's sentence on a prior conviction; and (4) failing to object to remarks made by the prosecutor on summation. As respondent points out, petitioner's application for leave to appeal to the New York State Court of Appeals did not raise either of petitioner's first two contentions, regarding trial counsel's failure to object to and elicitation of evidence of prior bad acts, and trial counsel's failure to object to hearsay testimony. Doc. 1 at 24-26. These claims are thus unexhausted, and because they can no longer be raised in state

court, they are procedurally defaulted. See Aparicio v. Artuz, 269 F.3d 78, 90 (2d Cir. 2000) ("[W]hen 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claims procedurally defaulted.")(quoting Coleman v. Thompson, 501 U.S. 722, 732 (1991)).

Petitioner's remaining claims regarding ineffective assistance of counsel (that counsel failed to object to, and elicited additional evidence of petitioner's sentence on a prior conviction, and failed to object to remarks made by the prosecutor on summation) lack merit. To establish ineffective assistance of counsel, a defendant first must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and second, that "there is a reasonable probability that, absent the errors [by counsel], the fact finder would have had a reasonable doubt respecting guilt." Strickland v. Washington, 466 U.S. 668, 687, 695 (1984). Under Strickland, the Court is required to consider alleged errors by counsel "in the aggregate." Lindstadt v. Keane, 239 F.3d 191, 199 (2d Cir. 2001).

The Fourth Department summarily denied petitioner's ineffective assistance claims. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden

still must be met by showing there was *no reasonable basis for the state court to deny relief*." Harrington v. Richter, 562 U.S. 86, 98 (2011) (emphasis added). Here, however, a review of the state court record reveals that defense counsel had a coherent strategy which was presented to the jury. Defense counsel advanced an intricate theory involving an uncharged burglary which occurred on the same day and three miles away from the instant burglary. Defense counsel argued that, because of the similarities between the two burglaries and the fact that police investigated petitioner but never charged him in connection with the second burglary, the jury should conclude that petitioner committed neither burglary. Defense counsel also argued that the nature of the evidence against petitioner was too circumstantial to be sufficient to support a guilty verdict.

In addition to advancing this theory at trial, defense counsel actively participated at pretrial stages, which included a Sandoval hearing. The record thus establishes that, in the aggregate, trial counsel's representation was effective, and petitioner has failed to establish that the Fourth Department had no reasonable basis for rejecting his claims. See Harrington v. Richter, 562 U.S. 86, 90 (2011) ("[I]t is difficult to establish ineffective assistance when counsel's overall performance indicates active and capable advocacy."); United States v. DiPaolo, 804 F.2d 225, 234-35 (2d Cir. 1986) (holding that defendants were not denied effective assistance of counsel where counsel appeared well-prepared and

demonstrated good understanding of the facts and legal principles involved in case).

Regarding petitioner's argument that defense counsel was ineffective for failing to object to certain of the prosecutor's remarks on summation, the Fourth Department specifically found that these remarks "generally constituted fair comment on the evidence or were made in response to defense counsel's summation, 'and the few improper comments were not so pervasive or flagrant as to require reversal'" Fomby, 101 A.D.3d at 1357 (citing People v McCall, 75 A.D.3d 999, 1002 (4th Dep't 2010), lv. denied, 15 N.Y.3d 894 (2010)). Defense counsel "cannot be faulted for failing to make a meritless objection." Johnson v. Conway, 2011 WL 53165, *5 (W.D.N.Y. Jan. 7, 2011). For all of the foregoing reasons, petitioner's various claims of ineffective assistance of counsel are dismissed.

### B.   Prosecutorial Misconduct

Petitioner claims that the prosecutor committed misconduct when he elicited testimony regarding petitioner's prior bad acts and when he made certain remarks on summation. On appeal, the Fourth Department rejected both of these arguments. The court found that the prosecutor's elicitation of testimony, contrary to petitioner's argument, did not actually include testimony about any bad acts. Fomby, 101 A.D.3d at 1357. Moreover, the Fourth Department noted that the prosecutor immediately stopped petitioner's ex-girlfriend when she began to testify that

petitioner had been in prison, and found that "[a]lthough that improper testimony was not stricken, defendant did not object and any error was harmless inasmuch as [petitioner] testified that he had been in prison." Id. Also, as noted above, the Fourth Department held that the prosecutor's remarks on summation constituted fair comment. Id.

The Fourth Department's findings on appeal were not unreasonable or contrary to relevant federal precedent. In assessing claims of prosecutorial misconduct, "the relevant question is whether the [alleged misconduct] so infected the trial with unfairness as to make the resulting conviction a denial of due process." Darden v. Wainwright, 477 U.S. 168, 169 (1986). Given the compelling circumstantial evidence of petitioner's guilt, the Fourth Department's reasoning in rejecting petitioner's contentionsas sound.[1] The claims of prosecutorial misconduct are therefore dismissed.

**C.   Evidence of Prior Bad Acts**

Petitioner argues that he was denied a fair trial because evidence of uncharged crimes "tainted the jury verdict." Doc. 1 at 14. Respondent contends that this claim is a mere echo of

---

[1] Additionally, to the extent that the Fourth Department rejected petitioner's claims as unpreserved, those claims are barred by an adequate and independent state law ground. See Richardson v. Greene, 497 F.3d 212, 218 (2d Cir. 2007) (recognizing New York's contemporaneous objection rule as an adequate and independent state ground barring habeas review); Switzer v. Graham, 2010 WL 1543855, *4 (W.D.N.Y. Apr. 16, 2010).

petitioner's arguments under his first two grounds. The Court agrees. As the Fourth Department found, the prosecutor did not actually elicit evidence regarding prior bad acts. Defense counsel, apparently in an effort to remove the sting of impending cross-examination, elicited evidence from petitioner that he had been previously been convicted of and imprisoned for burglary. As discussed above, petitioner has not shown that the prosecutor engaged in reversible misconduct nor that trial counsel was ineffective. Especially considering that the circumstantial evidence against petitioner was compelling, the trial court did not commit any reversible err in failing to *sua sponte* intervene with regard to evidence of prior bad acts. See, e.g., United States v. Morissett, 49 F. App'x 334, 337 (2d Cir. 2002) (citing United States v. Miller, 895 F.2d 1431, 1439 (D.C. Cir. 1990) (holding trial court is not required to *sua sponte* issue an unrequested jury instruction limiting the use of testimony regarding a defendant's prior bad acts)).

### D. Sufficiency of the Evidence

Petitioner argues that the verdict was based on legally insufficient evidence. Specifically, petitioner contends that the evidence was circumstantial, and that "[s]etting aside inadmissible evidence of uncharged crimes and prior bad acts there [was] very little evidence linking petitioner to the crime." Doc. 1 at 15. On appeal, the Fourth Department explicitly rejected this argument, finding that although the evidence in this case was circumstantial,

the "evidence was sufficient to establish, beyond a reasonable doubt, [petitioner]'s identity as the perpetrator, unlawful entry into the victims' home and intent to commit a crime therein, as well as the value of the items taken." Fomby, 101 A.D.3d at 1356. Petitioner's motion for leave to appeal to the Court of Appeals did not raise this issue. Therefore, the claim is unexhausted and procedurally defaulted. See Thompson, 501 U.S. at 732; Aparicio, 269 F.3d at 90.

## VI. Conclusion

For the foregoing reasons, petitioner's request for writ of habeas corpus is denied, and the petition (Doc. 1) is dismissed. Because petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. The Clerk of the Court is requested to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                      **S/Michael A. Telesca**

                                      HON. MICHAEL A. TELESCA
                                    United States District Judge

Dated:    September 29, 2016
            Rochester, New York.